## McCUTCHIN vs. PLATT.

DELIVERY *of Bill of Sale.*—*Costs, where action prematurely commenced.*—*Mortgage of logs, where to be filed.*—*Presumption that officer has done his duty.*

1. A bill of sale to plaintiff, executed without his knowledge and deposited in the post office *before* the levy of an attachment by defendant on the same chattels, did not reach plaintiff until *after* such levy. *Held,* that the attachment had priority.
2. Where replevin by a mortgagee of chattels, entitled to possession only after a default, against an officer holding under an attachment, is commenced before but tried after a default, *quære,* whether plaintiff, though entitled to possession of the property, should not be required to pay the costs.
3. Under ch. 83, Laws of 1861, and ch. 167, Laws of 1864, a mortgage of logs in any lumber district there established was not valid, *as against an attaching creditor,* unless filed with the inspector of such district.
4. It will be presumed, in the absence of proof to the contrary, that the governor appointed inspectors as required by those acts.

APPEAL from the Circuit Court for *Juneau* County.

Replevin. From a judgment that plaintiff have possession of the. property and recover costs, defendant appealed. The case is stated in the opinion.

. *John Turner, I. Holmes* and *G. C. Prentiss,* for the appellant, argued, among other things, that the plaintiff could not recover because the property did not belong to him at the commencement of the action as alleged in the complaint. R. S., ch. 125, sec. 3; *Child v. Child,* 13 Wis., 17; *Everet v. Walworth Co. Bank,* id., 420. 2. The plaintiff's mortgage, not having been recorded as required by sec. 12, ch. 83, Laws of 1861, was void.

*M. M. Cothren* (with *S. U. Pinney,* of counsel), for respondent, argued that sec. 12, ch. 167, Laws of 1864, provides merely that after a mark for logs is recorded and its ownership established, it becomes property, and no conveyance, etc., of *the mark* shall be valid until recorded as there

directed. 2. Plaintiff was the general owner of the logs by virtue of the chattel mortgage, and entitled to the immediate possession of them at the time of commencing the action. Ch. 166, Laws of 1859. A judgment creditor cannot deprive the mortgagee of his possession, nor control the property regardless of his prior right. *Cotton v. Marsh*, 3 Wis., 221; *Cotton v. Watkins*, 6 id., 629. 3. Plaintiff was owner and entitled to possession through the bill of sale. 4. In any event, the defendant's title expired before the trial. In such case, the court should not award the property to him. He was entitled only to nominal damages and costs. *Wheeler v. Train*, 4 Pick., 168; *Martin v. Bailey*, 1 Allen, 381.

PAINE, J. The defendant, as sheriff, seized a quantity of saw logs under an attachment against the property of Wm. H. & James F. Winser. This action was brought to recover possession of the logs, and damages for the detention. The plaintiff claimed under a chattel mortgage from the Winsers, and also under a subsequent bill of sale. But it appeared that the bill of sale was executed by the Winsers without the knowledge of the plaintiff, and deposited in the post-office, directed to him, only a few hours before the attachment. And it was not claimed that it reached him until after the attachment was served. The attachment would therefore have priority, according to the doctrine settled in *Sackett v. Welch*, 12 Wis., 243. The rights of the plaintiff depended, therefore, as against the defendant, entirely on the chattel mortgage.

This mortgage did not contain the usual provision allowing the mortgagee to take possession whenever he deemed himself insecure, but he was only entitled to possession on default. This action was brought some days before a default had occurred, so that in that respect it was prema-

ture. But a default had occurred before the trial; and if the mortgage was otherwise valid, the plaintiff was at that time entitled to the property. It was not contended by the counsel for the appellant, that upon those facts, if there had been no other objection to the plaintiff's right, the court should have adjudged a return of the property to the defendant. He claimed only that they would in that event have been entitled to costs, and cited some authorities to that effect.

But from the view we have taken of another question, it becomes unnecessary for us to pass upon this. By chapter 83, Laws of 1861, the legislature provided for the establishment of certain districts for the purpose of regulating the survey and measurement and traffic in logs and lumber. Its provisions were somewhat enlarged and changed by chapter 167, Laws of 1864, which was in force when the transactions which gave rise to this case took place. By it, the Wisconsin River and its tributaries were established as Lumber District No. 1. It also requires the governor to appoint an inspector for each district. And section 12 makes it the duty of the inspector " to record all mortgages, liens, and bills of sale, or other written instruments, in any way affecting the ownership of any mark of logs in his district, in a book kept for that purpose; provided, that said instrument shall specify the marks placed upon said logs, and when they were cut, and shall be recorded in the office of the inspector in which the said marks are recorded, and no conveyance, lien, mortgage or transfer shall be valid until the same is so recorded, or until the same shall be filed with one of said deputies," etc.

The court below did not find that the mortgage here in question was recorded or filed as this act requires. On the contrary, it found that it " was duly recorded in the town clerk's office of the town of Mauston, where the mortgagors

resided;" from which finding it is fairly to be inferred that there was no proof that it was recorded or filed elsewhere.

The respondent's counsel, to avoid the effect of this act, claimed that the section above quoted did not relate to conveyances of the logs themselves, but only to conveyances of the marks. Such a construction is obviously inadmissible. The statute, it is true, speaks of conveyances " affecting the ownership of any mark of logs," etc., but that phrase was evidently used as the equivalent for " logs of any particular mark." Such a mode of expression is quite common. We often hear persons speak of " brands of flour," meaning the flour itself, and not merely the brands. But in addition to the impossibility of supposing that the act contemplated a traffic in the mere marks, the language of the proviso, as above quoted, shows clearly, what was plain enough without it, that the logs themselves were referred to. It requires the instrument to be recorded, to specify " the marks placed upon said logs, and when they were cut."

It seems clear, therefore, that it was the intent of this statute to require owners of logs to record their marks, and to provide that no conveyances of the logs should be valid unless such conveyance was recorded or filed in compliance with its provisions. If the law was valid, it is fatal to the validity of this mortgage as against the attaching creditors of the mortgagors.

Counsel suggested that if the law should be construed as relating to conveyances of the logs, it was unconstitutional, as interfering with the right of alienation of property. But this objection is unfounded. It is certainly competent for the legislature, upon any supposed ground of public policy, to provide in what manner the alienation and transfer of particular kinds of property shall be accomplished. Such laws do not interfere with the right of alienation, but only

regulate the mode. The act in question is in this respect similar in principle to the general law relating to chattel mortgages, and also to the statute of frauds. No other objection to the validity of the law was suggested, and we see none.

It was also suggested that the defendant should have proved that the inspectors and deputies were appointed, and acting under this law. But that, in the absence of proof, would be presumed. The law makes it the duty of the governor to appoint the inspectors, and the presumption is in favor of the performance of official duty. If there were no inspectors, the plaintiff should have shown it. It can no more be necessary for the defendant to prove that there were such officers, than to prove, in the case of any ordinary chattel mortgage, that there was a town clerk in whose office it might be filed.

It is not necessary to determine whether this mortgage was void between the parties. But as it was neither recorded nor filed as the law required, it was invalid as against the attachment under which the defendant held it.

*By the Court.*—The judgment is reversed, with costs, and the cause remanded for a new trial.